MORGAN, Judge,
concurring:
I concur separately because I share several of the concerns expressed in the dissent.
Cases involving intra-familial physical and sexual abuse are far too frequent, and the scenarios we see at this level are far too familiar. This case is different. Because of a unique and overwhelming combination of personal misfortunes, the appellant, a Vietnam veteran and former enlisted soldier, mistakenly turned to alcohol to help cope with his stressful circumstances. He drank so heavily that he often experienced blackouts, and during a two-month period he had sexual intercourse with his mentally handicapped daughter, although he was too drunk to remember the details.
After an initial reluctance, the appellant cooperated fully with the Criminal Investigation Division authorities regarding these allegation's. His guilty plea was made not only as an acknowledgement of responsibility, but also in an effort to avoid subjecting his daughter to the additional stress which a *885 persistent denial would invariably trigger. He knew that he committed the shameful acts alleged, and he accepted his daughter’s version of the details of each incident.
Substantial and unrebutted expert opinion testimony during the sentencing phase of this trial established the potential for rehabilitation of the appellant, the genuineness of his remorse, and the possibility of reconciliation for this dysfunctional family relationship.
The appellant has richly earned and certainly deserves a general court-martial conviction and a sentence to confinement. There is no excuse for what he did. Approval of the dismissal, however, would reflect indifference to the needs of his victim, and constitute an inappropriately severe punishment for this particular retirement-eligible offender. Accordingly, I concur with the court’s disposition.